**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 21-cv-02933-CMA-NRN

AMERICAN MODERN PROPERTY AND CASUALTY INSURANCE COMPANY,

      Plaintiff,

v.

BRIAN M. LYKE,
NIKELA M. LYKE, and
SIERRA R. BELTRAN, individually and on behalf of and as next best friend of K.B.,

      Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

---

This matter is before the Court on Plaintiff American Modern Property and Casualty Insurance Company's ("American Modern") Motion for Summary Judgment (Doc. # 15). For the following reasons, the Court grants the Motion.

## I.    BACKGROUND[1]

This is an insurance action for declaratory relief relating to a homeowners insurance policy. (Doc. # 1.) American Modern issued the relevant insurance policy, number 100-1224-874 ("Policy"), to Defendants Brian M. Lyke and Nikela M. Lyke ("Lykes") for an effective period from May 7, 2018, through May 7, 2019. (Doc. # 15 at 2.) The Policy afforded certain property and liability coverage for the Lykes' property located in Livermore, Colorado ("Property"). (*Id.*)

---

[1] The following facts are undisputed.

The Policy provides that American Modern will provide personal liability coverage "[i]f a claim is made or suit is brought against any **insured person** for damages because of **bodily injury** or **property damage**, caused by an occurrence, to which this coverage applies." (Doc. # 15-1 at 40.) The Policy further states that American Modern has "no duty to defend any suit or settle any claims for **bodily injury** or **property damage** not covered under this policy." (*Id.*) Among other exclusions to personal liability coverage, the Policy does "not cover bodily injury":

f. Arising out of:

(1) The ownership, maintenance, occupancy, operation, use, loading, or unloading of **motor vehicles** or all other motorized land conveyances, including trailers, owned or occupied by or rented or loaned to an **insured person**;

(2) The entrustment by an **insured person** of a **motor vehicle** or any other motorized land conveyance to any person;

(3) Vicarious liability, whether or not statutorily imposed, for the actions of a child or minor involving a **motor vehicle** or other motorized land conveyance; or

(4) Failure to supervise, or negligent supervision of, any person involving a **motor vehicle** or other motorized land conveyance by an **insured person**.

(*Id.* at 41–42.) The Policy further includes the following relevant definitions:

11. **Insured person** means:

a. You and permanent residents of the resident premises who are:

(1) Your relatives; or

(2) Other persons under the age of 21 and in the care of any person named above;

. . .

2

14. **Motor vehicle** means:

a. Any motorized land conveyance of any type. This is regardless of whether or not it is licensed for road use or whether the motorized land conveyance is made for use on or off public roads. The term **motor vehicle** shall include, but is not limited to, automobiles, motorcycles, mopeds, all-terrain vehicles, tractors, riding lawnmowers, snowmobiles, and go-carts.

It does not mean:

(1) A golf cart while used on a golf course for golfing purposes;

(2) A motorized vehicle, not subject to **motor vehicle** registration, designed and used solely to aid the handicapped; or

(3) Lawn or garden equipment while used on the insured premises. However, lawn or garden equipment that is:

(a)     In excess of 25 horsepower; or

(b)     An all-terrain vehicle;

is a **motor vehicle**.

(*Id.* at 27–28.)

On October 20, 2021, Defendant Sierra R. Beltran, individually and on behalf of her minor son, K.B., brought suit against the Lykes in the district court of Larimer County, Colorado ("Underlying Lawsuit"). (Doc. # 15 at 7.) The underlying complaint alleged that on March 9, 2019, the Lykes negligently permitted their minor son to operate an all-terrain vehicle ("ATV"), on which K.B. was a passenger, when the ATV was involved in an accident that caused several injuries to K.B. (*Id.*) Beltran brought four claims for relief against the Lykes in the Underlying Lawsuit, including (1) negligence resulting in personal injury, (2) negligence *per se* resulting in personal injury,

(3) negligent entrustment resulting in personal injury, and (4) negligent supervision *per se*. (*Id.* at 9–11.) On October 28, 2021, American Modern informed the Lykes that American Modern would extend a defense in the Underlying Lawsuit. (Doc. # 15-1 at 80.) However, American Modern stated that "we believe that no coverage is afforded under the Policy for the injuries and damages arising out of the ATV accident" and that it reserved all rights to deny coverage based on the terms and conditions of the Policy and applicable law. (*Id.* at 80, 87.)

American Modern filed this declaratory judgment action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, on November 2, 2021. (Doc. # 1). In its Complaint, American Modern seeks a declaratory judgment that: (A) the Policy does not afford a defense to the Lykes in the Underlying Lawsuit; (B) no personal liability coverage is afforded under the Policy because the "bodily injury" alleged in the Underlying Lawsuit is excluded from coverage and barred by the application of the Motor Vehicle Exclusion set forth in the Policy; and (C) no indemnification exists under the Policy for the "bodily injury" alleged in the Underlying Lawsuit, nor does American Modern have any obligation to indemnify any of the Defendants for any settlement or judgment that might enter. (*Id.* at ¶ 27.)

Beltran filed an Answer in this case (Doc. # 9); however, the Lykes have failed to appear or otherwise respond to this action.[2] On January 31, 2022, American Modern filed the instant Motion for Summary Judgment on its sole claim for declaratory relief and indicated that Beltran opposes the motion. (Doc. # 15 at 1.) Minutes for a

---

[2] The Clerk filed an entry of default as to Defendants Brian M. Lyke and Nikela M. Lyke on February 4, 2022. (Doc. # 18.)

scheduling conference held on February 8, 2022, before Magistrate Judge N. Reid Neureiter provide that Beltran "shall have up to March 8, 2022 to respond to the Motion for Summary Judgment." (Doc. # 19.) Despite this extension, Beltran did not file a response to the Motion for Summary Judgment.

Given that the time for Defendants to respond to the Motion for Summary Judgment has long expired, the Court now addresses the motion.

## II.   LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee, Okla.*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *See id.* However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact and entitlement to judgment as a matter of law. *Id.* Once the movant has met its initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Id.* Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). Stated differently, the party must provide "significantly probative evidence" that would support a verdict in his favor. *Jaramillo v. Adams Cnty. Sch. Dist. 14*, 680 F.3d 1267, 1269 (10th Cir. 2012). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.*

Where, as here, the nonmoving party fails to respond to the motion for summary judgment, the Court may consider the facts in the motion undisputed and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2) & (3). "Of course, in granting summary judgment based upon a failure to respond, a district court must still determine that summary judgment is appropriate." *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1254 (10th Cir. 2017).

### III.   DISCUSSION

American Modern moves for summary judgment on the grounds that the motor vehicle exclusion in the Policy excludes coverage for K.B.'s injuries and the four claims for relief alleged in the Underlying Lawsuit. (Doc. # 15 at 15.) The Court agrees that the Policy plainly precludes coverage for all injuries and damages arising out of the ATV incident.

In this diversity case, the Court applies Colorado law and interprets insurance policies as a Colorado court would. *Leprino Foods Co. v. Factory Mut. Ins. Co.*, 453 F.3d 1281, 1287 (10th Cir. 2006). The meaning of an insurance policy is a question of law for the Court to decide. *Allstate Ins. Co. v. Huizar*, 52 P.3d 816, 819 (Colo. 2002). An insurance policy is a contract, and it should be interpreted consistently with the well-settled principles of contract interpretation. *Chacon v. Am. Family Mut. Ins. Co.*, 788 P.2d 748, 750 (Colo. 1990). The words of the contract should be given their plain meaning according to common usage, and strained constructions should be avoided. *Allstate Ins. Co. v. Starke*, 797 P.2d 14, 18 (Colo. 1990). Policy provisions that are clear and unambiguous should be enforced as written. *Chacon*, 788 P.2d at 750.

Under Colorado law, the "duty to defend arises when the underlying complaint against the insure[d] alleges any facts that might fall within the coverage of the policy." *Hecla Mining Co. v. N.H. Ins. Co.*, 811 P.2d 1083, 1089 (Colo. 1991). "In order to avoid policy coverage, an insurer must establish that the exemption claimed applies in the particular case, and that the exclusions are not subject to any other reasonable interpretations." *Id.* at 1090. To overcome the duty to defend, the insurer must "establish that the allegations in the complaint are solely and entirely within the exclusions in the insurance policy." *Id.* The Court must look to "the factual allegations in the complaint, and not the legal claims" to determine if a claim is covered or not. *Gerrity Co., Inc. v. CIGNA Prop. & Cas. Ins. Co.*, 860 P.2d 606, 607 (Colo. App. 1993). "Where there is no duty to defend, it follows that there can be no duty to indemnify." *Constitution Assocs. v. N.H. Ins. Co.*, 930 P.2d 556, 563 (Colo. 1996).

Upon reviewing the plain language of the Policy and the factual allegations of the complaint in the Underlying Lawsuit, the Court finds that the Policy expressly precludes coverage for all injuries and damages relating to the Underlying Lawsuit and the ATV incident. Each of the four claims in the underlying complaint arise from and relate to a single incident where the Lykes' minor son operated an ATV, on which K.B. was a passenger, and the ATV struck a rock and flipped over, causing injuries to K.B. *See* (Doc. # 15-1 at 72–76.) The Policy plainly excludes personal liability coverage for bodily injury "arising out of" the "ownership, . . . operation, [or] use . . . of **motor vehicles**" (*id.* at 42), and the Policy twice defines the term "motor vehicle" as including "all-terrain vehicles" (*id.* at 28) ("An all-terrain vehicle; is a **motor vehicle**."). Furthermore, the Policy explicitly excludes coverage for the negligent supervision claims alleged in the Underlying Lawsuit: The Policy states that no coverage is available for bodily injury arising out of "[v]icarious liability, whether or not statutorily imposed, for the actions of a child or minor involving a **motor vehicle** or other motorized land conveyance" or "[f]ailure to supervise, or negligent supervision of, any person involving a **motor vehicle** or other motorized land conveyance by an **insured person**." (*Id.* at 42.) The Court also finds that it is undisputed that the Lykes and their minor son are "insured persons" under the Policy, which includes "permanent residents of the residence premises" and "[o]ther persons under the age of 21 and in the care of" the insured. (*Id.* at 27.)

Under these circumstances, the Court concludes that American Modern has met its burden of establishing that there are no genuine disputes of material fact and that it is entitled to judgment as a matter of law on its claim for declaratory relief. The Policy

plainly precludes coverage for any bodily injury arising out of the use or operation of a motor vehicle and negligent supervision relating to a motor vehicle, and the Policy specifically identifies an ATV as a motor vehicle. Because the underlying complaint's allegations entirely concern the ATV incident, the complaint contains no basis upon which to conclude that American Modern would be liable for any of K.B.'s injuries. *See N. Ins. Co. of N.Y. v. Ekstrom*, 784 P.2d 320, 323 (Colo. 1989) (holding that "[w]here multiple causes of injury are alleged, a claim is barred by the automobile exclusion unless it arises from non-automobile related conduct and is independent of any ownership, operation, or use of an automobile"). Thus, American Modern has no duty to defend against the Underlying Lawsuit and no duty to indemnify any defendant in connection with this case. *See Constitution Assocs.*, 930 P.2d at 563 ("Where there is no duty to defend, it follows that there can be no duty to indemnify."). American Modern is therefore entitled to summary judgment.

## IV.   CONCLUSION

For the foregoing reasons, it is ORDERED that Plaintiff's Motion for Summary Judgment (Doc. # 15) is GRANTED. It is

FURTHER ORDERED that judgment shall enter for Plaintiff American Modern Property and Casualty Insurance Company and against Defendants, Brian M. Lyke, Nikela M. Lyke, and Sierra R. Beltran, as to Plaintiff's sole claim for relief for declaratory judgment.

Accordingly, it is DECLARED as follows:

1.  No personal liability coverage exists under the Policy for the bodily injury and claims for relief alleged in the Underlying Lawsuit relating to the ATV incident due to the application of the Motor Vehicle Exclusion set forth in the Policy.

2.  The Policy does not afford a defense to Defendants Brian M. Lyke and Nikela M. Lyke in the Underlying Lawsuit.

3.  No indemnification exists under the Policy for the bodily injury and claims for relief alleged in the Underlying Lawsuit.

4.  Plaintiff has no obligation to indemnify Defendants or any other parties for any judgment or settlement entered in the Underlying Lawsuit.

The Clerk of Court is directed to close this case.

DATED:  July 19, 2022

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge